PER CURIAM.
Appellant filed a timely appeal in this court from conviction of two counts of manslaughter, for which appellant was sentenced to 10 years probation. Appellant contends, inter alia, that evidence of his blood alcohol level was improperly admitted as evidence against him at his trial.
Upon oral argument it appears the trial court upheld the validity of Fla.Stat. § 322.261 in face of appellant’s attack on its constitutionality.
Article V, § 3(b)(1) of the Florida Constitution vests exclusive jurisdiction in the Supreme Court of appeals “ . from orders of trial courts and decisions of district courts of appeal initially and directly passing on the validity of a state statute . . . .” Although the Supreme Court upheld the validity of Fla.Stat. § 322.261 in State v. Mitchell, Fla.1971, 245 So.2d 618, the statute was there assailed on the grounds that the blood withdrawn from Mitchell was taken without his consent after an accident and violated the constitutional guarantees against compulsory self-incrimination and unreasonable search and seizure. In the case sub judice the appellant attacked the validity of the statute on grounds that the equal protection clauses of the federal and state constitutions were violated. Appellant’s theory is that an unconscious or semi-conscious person is discriminated against in that a conscious person has the option to consent to a taking of his blood while an unconscious or semi-conscious person is never afforded that option.
Considering the foregoing, it appears that inasmuch as the trial court passed directly on the validity of Fla.Stat. § 322.261, though on grounds differing from those raised in Mitchell, supra, that exclusive jurisdiction of these consolidated appeals is, nevertheless, now vested in the Supreme Court in accordance with Article V, § 3 (b)(1), Constitution of Florida. It is therefore, upon consideration,
Ordered and adjudged that Appeals 74-760 and 74-761 are hereby transferred to the Supreme Court of Florida for consideration and determination.
McNULTY, C. J., and HOBSON and SCHEB, JJ., concur.